**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JASMINE HOBBS, *et al.*,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:24-CV-451-GSL-JEM |
| | ) | |
| LAKE COUNTY, *et al.*,<br>Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Winfield Defendants to Answer Plaintiffs' Request for Production [DE 106], filed on May 6, 2026. Defendants Skyler Hofer, Paul Shane, Chad Stroup, and the Town of Winfield ("Winfield Defendants") filed their response on May 20, 2026. Defendant Billups-Taylor filed a response on May 20, 2026, adopting the Winfield Defendants' response. Plaintiffs filed their reply on May 25, 2026.

## I. Background

This civil rights action arises from a July 14, 2024, encounter during which the Town of Winfield and Lake County officers allegedly detained a compliant Black family at gunpoint, used force on several of its members, and entered and searched the home without a warrant. The initial complaint was filed on December 26, 2024, discovery started on March 17, 2025, and discovery is currently scheduled to be completed on November 30, 2026.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). When a party fails to produce documents requested under Rule 34, the requesting party may move for an order compelling production under Rule 37(a). Fed. R. Civ. P. 37(a)(3)(B)(iv). The Court considers Plaintiffs' motion under these standards.

## III. Analysis

Plaintiffs move for the Court to compel the Winfield Defendants to provide full and complete responses to Plaintiffs' First, Second, and Third Requests for Production of Documents. The Winfield Defendants argue that they have supplemented their production and the motion in its entirety is now moot. Plaintiffs maintain that, despite the Winfield Defendants' supplemental production, their responses to First Request for Production Nos. 3, 4, 10, 19, and 20 remain incomplete.

As an initial matter, the Court notes that, while Plaintiffs did not attach a Rule 37 certificate, the record shows that Plaintiffs meaningfully engaged in dialogue with the Winfield Defendants regarding the discovery to be compelled and complied with the spirit of the rule.

### i. Second and Third Requests for Production

The Winfield Defendants contend that Plaintiffs' motion is moot insofar as it concerns the Second and Third Requests for Production because they produced the requested documents on

May 8, 2026, two days after Plaintiffs filed their motion. In their reply, Plaintiffs do not dispute that the Winfield Defendants supplemented their production on that date or challenge the assertion that the requests at issue have been satisfied. Accordingly, because the parties' submissions establish no remaining dispute concerning the Second and Third Requests for Production, the Court finds that Plaintiffs' motion is moot as to those requests.

ii. <u>Request Nos. 3, 4, and 10: Internal Investigation and Disciplinary Records</u>

Plaintiffs' Request Nos. 3, 4, and 10 of the First Request for Production of Documents seek records concerning internal investigations and disciplinary proceedings relating to the July 14, 2024, police encounter. The Winfield Defendants represent that they have been unable to locate any additional responsive documents. Plaintiffs dispute the completeness of the production, arguing that the documents produced to date contain no Town Council disciplinary proceedings or findings concerning any of the named Winfield Defendants in connection with the incident. Plaintiffs contend that responsive records should exist based on evidence already produced and deposition testimony in this case.

Specifically, Plaintiffs identify a report recommending that Defendants Stroup and Shane be disciplined for their role in the July 14 incident and Defendant Stroup's deposition testimony regarding treatment of disciplinary recommendations. They contend that records concerning the recommended discipline and any resulting proceedings or findings may exist. The Winfield Defendants do not provide any details regarding their search or explain how they have determined that no additional responsive records exist, nor why the report and deposition testimony indicating the existence of other records are inaccurate.

The Court finds that Plaintiffs have identified a sufficient basis to require the Winfield

Defendants to address the completeness of their production. The investigative report and deposition testimony raise a legitimate question as to whether responsive records concerning the disciplinary recommendations, their submission to the Town Council, and any resulting proceedings or findings exist. The Winfield Defendants must therefore produce any additional responsive, nonprivileged records within their possession, custody, or control. If, after conducting a diligent search, the Winfield Defendants determine that no additional responsive records exist or can be located, they must confirm that determination in writing to Plaintiffs. The written confirmation must state that a diligent search was conducted and identify the custodians, locations, and date ranges searched. This requirement will provide Plaintiffs with a clear account of the search undertaken and the basis for the representation that no further responsive records are available.

iii. Request Nos. 19 and 20: Complaints of Excessive Force and Misconduct

Request No. 19 seeks "all full records of complaints received by the Winfield Police Department, including for excessive force," and Request No. 20 seeks "all complaints for misconduct filed against any Winfield Police Department officer." Pl. Br. at 7–8 [DE 109]. The Winfield Defendants represent that they supplemented their responses to these requests on May 8, 2026. Plaintiffs maintain that the production remains incomplete.

Plaintiffs assert that deposition testimony described an excessive force complaint involving Winfield Police Department Officer Benton and Officer Moore that was memorialized in writing. Plaintiffs represent that the Winfield Defendants have not produced any records concerning complaints involving Officers Benton and Moore. The Winfield Defendants do not address why these records either do not exist or have not been provided.

The Winfield Defendants must produce any additional responsive, nonprivileged records concerning complaints of excessive force or officer misconduct, including any records relating to the complaint involving Officers Benton and Moore, to the extent those records exist and are within their possession, custody, or control. If, after conducting a diligent search, the Winfield Defendants determine that no additional responsive records exist or can be located, they must confirm that determination in writing to Plaintiffs. As with Request Nos. 3, 4, and 10, the written confirmation must state that a diligent search was conducted and identify the custodians, locations, and date ranges searched.

iv. Other Requests

While not mentioned at all in the initial motion, Plaintiffs request in their reply brief that the Court compel Attorney David M. Austgen to clarify to the Court whether he actually represents Chad Stroup, Skyler Hofer, Paul Shane, and the Town of Winfield in this litigation. According to Plaintiffs, Attorney Austgen filed a notice of appearance on behalf of the Winfield Defendants but subsequently declined to assist with discovery, explaining that he did not represent any party in this action and had filed the notice of appearance solely to receive case-related notices. This apparent discrepancy has created uncertainty regarding his status and responsibilities in the litigation. Attorney David M. Austgen must either file a motion to withdraw or clarify his role in this litigation and participate in this litigation.

Plaintiff also requests that the Winfield Defendants be compelled to produce a Rule 26(b)(5) privilege log identifying each withheld or redacted document. Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding otherwise discoverable information on the basis of privilege or work product protection to "expressly make the claim" and "describe the

nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). To the extent that the Winfield Defendants have objected and withheld any responsive documents on the basis of privilege, they must produce a privilege log identifying each withheld or redacted document and include an explanation of the subject matter in order to allow Plaintiffs to sufficiently assess each claim of privilege.

v. Rule 37 Expenses

Both parties request an award of costs associated with briefing Plaintiffs' motion to compel. Because the motion to compel is granted or the requested information was "provided after the motion was filed[, ]the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Although Plaintiffs' motion is granted in part and was substantially justified, the Court finds that an award of fees or costs would be unjust under the circumstances. There appears to have been a genuine misunderstanding regarding which responses were due on May 8, 2026, and whether some were due earlier, and the Winfield Defendants supplemented numerous discovery responses on May 8, 2026, just two days after Plaintiffs filed their motion. Those supplemental productions rendered moot a substantial portion of the requested relief. Given the confusion and the apparent good faith attempts to resolve the discovery disputes, the Court declines to award fees or costs.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES as moot in part** Plaintiffs' Motion to Compel Winfield Defendants to Answer Plaintiffs' Request for Production [DE 106]. The Court **ORDERS** the Winfield Defendants to supplement its discovery responses to Plaintiffs' First Request for Production Nos. 3, 4, 10, 19, and 20 and to produce a Rule 26(b) privilege log by **November 6, 2026**, as described herein, and **ORDERS** Attorney David M. Austgen to file a motion to withdraw or a report clarifying his role in this litigation by **November 6, 2026**.

SO ORDERED this 26th day of October, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record